Defendant-appellant Paul McGilton appeals the April 21, 1998 Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator as defined in R.C.2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
In 1991, the Stark County Grand Jury indicted appellant on one count of rape with a force specification pursuant to R.C.2907.02(A)(1)(b) and 2907.02(B). In accordance with the plea negotiation, the trial court dismissed the force specification and amended the indictment to one count of rape. Appellant then pled guilty to the amended indictment. The trial court sentenced appellant to an indeterminate term of incarceration of ten to twenty-five years.
After the enactment of Ohio's version of Megan's law, R.C. Chapter 2950, the trial court ordered appellant returned from the Chilocothe Correctional Institution for an H.B. 180 hearing on April 20, 1998.
At the hearing, the State presented five exhibits, including answers to discovery, the bill of particulars, two psychological evaluations and a copy of the judgment entry in which appellant pled guilty to the amended indictment and was sentenced. In arguing for a sexual predator classification, the State first pointed to the fact the victim was under the age of thirteen, while appellant was twenty-seven at the time of the offense. The State then directed the court's attention to the two psychological evaluations, arguing appellant's own statements indicated the possibility of recidivism.
Appellant argued the age of the psychological evaluations diminished their value. Appellant had attended various sex offender classes during his present incarceration and these efforts toward rehabilitation made the previous psychological evaluations stale and inaccurate.
The trial court orally announced its findings for determining appellant to be a sexual predator. The trial court also filed a written Judgment Entry on April 21, 1998, declaring appellant to be a sexual predator. It is from this judgment entry appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
In his sole assignment of error, appellant argues the trial court erred in classifying him a sexual predator because the record does not support such a finding by clear and convincing evidence. We do not agree.
We are not the fact finders; we neither weigh the evidence nor judge the credibility of the witnesses. Rather, this Court must determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA5758, unreported. Accordingly, judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. V. FoleyConstruction (1978), 54 Ohio St.2d 279.
"Sexual Predator" is defined by the statute as: "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). Appellant argued the evidence before the trial court addressed only the first prong of this test; therefore, the trial court could not find by clear and convincing evidence any likelihood to re-offend.
The legislature provided a non-exclusive list of factors a trial court must consider before classifying a convicted sex offender as a "sexual predator." This list is contained in R.C. 2950(B)(2) and requires a judge to consider all relevant factors, including the ages of the victim and the offender, any prior criminal record of the offender, and the nature of the offender's sexual conduct including any demonstrated pattern of abuse.
At the April 20, 1998 hearing, the trial court found appellant to be a sexual predator after systematically reviewing the evidence in light of the statutory factors:
 The Court would overrule your motions on the constitutional rights grounds and for reasons stated in my entry in reviewing the hear [sic], the burden on the State is by clear and convincing evidence on the following factors:
 The offender's age, the Court finds that at the time that the offender was a 27 year old male. There is apparently no prior criminal record at least as regarding sexual offenses.
 [The] evidence will show that the victim in this case was less than 13 years of age, which the Court finds to be a significant factor.
 This is an offense that did not involve multiple victims. There is no allegation of drugs or alcohol. There was — there is indication that while the Defendant did not perform any or did not attend any prior to his admission, he has[,] since he's been in the institution[,] completed certain courses offered at the institution.
 [The] Court finds that there is no mitigation of any illness or disability of the offender, and the Court does find that the psychological evaluations are appropriate in this matter as having been done at the time, and the Court would give them the weight deemed appropriate.
 Further, the Court looks at the significant [sic] [of] factor H, and finds that while the allegation of the Bill of Particulars goes over a number of years * * * the Defendant himself admits to having this type of sexual conduct with this victim at least from April of 1990 to August of 1990, and therefore the Court will find that it is a pattern of demonstrated sexual abuse.
(Transcript of H.B. hearing, pp. 9-10).
The trial court found the most significant factors to be the relative ages of the victim and the offender, the fact the victim was under the age of thirteen, and the demonstrated pattern of abuse. We find these facts mitigate in favor of the trial court's decision. Accordingly, we find the trial courts classification of appellant as a sexual predator is supported by some competent, credible evidence, and is not against the manifest weight of the evidence.
Appellant's assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Farmer, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES
Hon. W. Scott Gwin, P.J., Hon. William B. Hoffman, J., Hon. Sheila G. Farmer, J., JUDGES.